MICHAEL G. O'NEILL
(MO3957)
Attorney for Plaintiffs
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

| | |
|---|---|
| **Manuel Gallego,** | 06 Civ |
| **Plaintiff**, | |
| - against - | **Complaint and Jury Demand** |
| **Hoy, LLC and DSA Community Publishing, LLC,** | |
| **Defendants**, | |

-----------------------------------------------------------------

Plaintiff, by his attorney, Michael G. O'Neill, alleges as follows:

1.      Jurisdiction is by 28 U.S.C. §1332, in that plaintiff is a citizen of the State of Florida and defendants are citizens of States other than Florida, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2.      Venue is proper in that defendants are citizens of the Southern District of New York.

3.      Plaintiff is an individual and is a citizen of the State of Florida.

4.      Defendant Hoy, LLC ("Hoy") is a limited liability company, formed under the laws of the State of New York, which is engaged in the business of publishing a Spanish language newspaper called "Hoy."

5. DSA Community Publishing, LLC ("DSA") is a limited liability company, formed under the laws of the State of New York, which is affiliated with Hoy.

6. At all relevant times, plaintiff has suffered from perennial allergic rhinitis, an inflammation of the inner lining of the nose. Plaintiff's condition is characterized by an itchy, runny nose, sneezing, nasal congestion, itchy ears and throat, Eustachian tube problems, red/watery eyes, cough, fatigue and loss of concentration, lack of energy from loss of sleep, and headaches or facial tenderness

7. Plaintiff's condition, which is permanent, is exacerbated by indoor allergens and smoke.

8. Plaintiff is a person with a disability within the meaning of New York State Executive Law §292(21) in that the perennial allergic rhinitis is a physical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function and is demonstrable by medically accepted clinical or laboratory diagnostic techniques.

9. Plaintiff is also a person with a disability within the meaning of Article 8-102(16) of the Administrative Code of the City of New York in that the perennial allergic rhinitis is a physical impairment as defined therein.

10. Plaintiff was employed by Hoy in or around August 1998 as Hoy's Sunday and Special Sections Editor.

11.     Upon information and belief, DSA made or participated in some or all of the personnel decisions of Hoy that are at issue in this litigation.  Upon information and belief, DSA is a corporate affiliate of Hoy.  Upon information and belief, at the time plaintiff requested reasonable accommodations DSA provided corporate services to Hoy including, but not limited to, personnel to perform Human Resources functions.

12.     In or around November 2001, defendant Hoy's offices moved to Manhattan, at which time plaintiff's condition worsened due to the increased foot traffic around plaintiff's workstation and the increase in dust and other allergens within the office space.

13.     During approximately the first year following the move, plaintiff told his supervisors, Armando Varela, Editor in Chief, and Juan Arango, Vice President of Operations, that his condition was worsening.

14.     In or around January 2003, plaintiff asked for a formal meeting where he suggested reasonable accommodations for his disability to Varela.  These suggestions included moving to a smaller office so that he would not subjected to as much dust, moving plaintiff's desk close to a window, or removing the carpeting from around plaintiff's workstation.

15.     Varela did not respond to plaintiff's request for accommodation.

16.     In or around March 2003, plaintiff requested the same accommodations from Arango.  Plaintiff also requested to work from home on Tuesdays and Wednesdays.

17. Defendants have allowed other employees and editors to work from home.

18. In or around April 2003, Arango told plaintiff to discuss his requests for accommodations with Susan Annunziata an employee of DSA who acted as the Human Resources Director for Hoy.

19. On or about April 7, 2003, plaintiff submitted a letter to Annuniziata requesting the accommodations discussed with Varela and Arango.

20. On or about April 17, 2003, Annunziata denied plaintiff's request because "editors are needed 'in loco' in case of a meeting."[1]  Thereafter, plaintiff informed defendants that the effects of the interior allergens on his condition was making it impossible to continue working unless some reasonable accommodation was made.  Plaintiff was told to resign.

21. As a result of defendants' failure to grant a reasonable accommodation, plaintiff was forced to resign on April 21, 2003.

## Claim One

22. By virtue of the facts complained of herein, defendants discriminated against plaintiff on the basis of plaintiff's disability, in violation of the New York City Administrative Code.

## Claim Two

---

[1] This was only responsive to plaintiff's request to work from home.  Defendants did not respond to plaintiff's other requests for accommodations.

23.     By virtue of the facts complained of herein, defendants discriminated against plaintiff on the basis of plaintiff's disability in violation of the New York State Executive Law.

WHEREFORE, plaintiff demands judgment as follows:

a)     Awarding plaintiff a money judgment for his damages, including but not limited to lost wages, lost benefits, other economic damages, shame, humiliation, embarrassment and mental distress;

b)     Awarding plaintiff punitive damages;

c)     Awarding plaintiff a statutory attorneys' fee;

d)     Awarding plaintiff costs and prejudgment interest; and

e)     Granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated:  New York, New York
        February 10, 2006

                                        MICHAEL G. O'NEILL
                                        (MO3957)


                                        _____
                                        Attorney for Plaintiff
                                        30 Vesey Street, Third Floor
                                        New York, New York 10007
                                        (212) 581-0990

## JURY DEMAND

Plaintiffs demand trial by jury in this action.

Dated: New York, New York
       February 10, 2006

                                              MICHAEL G. O'NEILL
                                              (MO3957)

                                              _____

                                              Attorney for Plaintiff
                                              30 Vesey Street, Third Floor
                                              New York, New York 10023
                                              (212) 581-0990